IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| SALEEBAN ADAN, | : | PRISONER CIVIL RIGHTS |
| Plaintiff, | : | 42 U.S.C. § 1983 |
| | : | |
| v. | : | |
| | : | |
| PRESIDENT OBAMA, individually | : | CIVIL ACTION NO. |
| and in his official capacity, | : | 1:16-CV-0027-WSD-JFK |
| WILLIAM STANLEY, Warden, | : | |
| Defendants. | : | |

**UNITED STATES MAGISTRATE JUDGE'S
FINAL REPORT AND RECOMMENDATION**

Plaintiff Saleeban Adan, also known as Saleevan Isse Adan, Georgia Department of Corrections number 1000439372, confined in Georgia State Prison in Reidsville, Georgia, has submitted a complaint on behalf of himself and his cell mate Walter Hey. (Compl., ECF No. 1). Plaintiff complains that an officer punched him in 2009 and punched his cell mate several times in 2009. (Id.). Only Plaintiff has signed the complaint, and the Court construes the complaint as an attempt by Plaintiff to bring an action on his own behalf and on behalf of his alleged cell mate.[1]

---

[1] The Court notes that the Georgia Department of Corrections website does not show any inmate by the name of Walter Hey. See www.dcor.state.ga.us (follow "Find an Offender" hyperlink) (last visited Feb. 1, 2015).

Plaintiff does not have standing to assert the rights of another prisoner. Johnson v. Brown, 581 F. App'x 777, 781 (11th Cir. 2014) ("As a *pro se* litigant, Johnson cannot bring an action on behalf of his fellow . . . inmates."); Massimo v. Henderson, 468 F.2d 1209, 1210 (5th Cir. 1972) (affirming that nonlawyer inmate may not proceed in federal court on behalf of fellow inmates). Further, 28 U.S.C. § 1915(g) does not allow a prisoner to bring an *in forma pauperis* civil action in federal court "if the prisoner has, on 3 or more prior occasions, while incarcerated . . . , brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." When § 1915(g) does not allow a prisoner to proceed *in forma pauperis*, the complaint should be dismissed without prejudice, and, a prisoner wishing to pursue his or her claims, must refile the action with full payment of the filing fee. See Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002).

Plaintiff, while incarcerated, has filed at least three civil actions that have been dismissed as frivolous, malicious, or for failure to state a claim. See Adan v. Does, No. 5:15-cv-0047-MTT-MSH (M.D. Ga. Mar. 5, 2015) (listing cases). Plaintiff alleges

2

nothing to show that he is in imminent threat of serious injury from either named Defendant, and this case is due to be dismissed.

**IT IS RECOMMENDED** that Plaintiff be **DENIED** *in forma pauperis* status and that this action be **DISMISSED WITHOUT PREJUDICE**.

The Clerk is **DIRECTED** to withdraw the reference to the Magistrate Judge.

**IT IS SO ORDERED and RECOMMENDED** this 2nd day of February, 2016.

JANET F. KING
UNITED STATES MAGISTRATE JUDGE